UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE M. CARRINGTON, JR.,

*Plaintiff*,

v.

DONALD DAVIS, *et al*,

*Defendants*.

Civil Action No. 25 - 4470 (UNA)

**MEMORANDUM OPINION**

Before the court is Plaintiff Theodore Carrington Jr.'s complaint, ECF No. 1, and motion to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and dismiss the complaint and the case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). 28 U.S.C. § 1915 requires a court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

Consequently, the court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or the complaint "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Mr. Carrington appears to be civilly committed. *See* ECF No. 4, at 1, *Carrington v. Johnson*, 25-CV-2926 (D.D.C. Nov. 18, 2025). He alleges that Defendants—representatives Donald Davis, Deborah Ross, the Democratic National Committee, and Microsoft," are liable for "covering up the biggest illegal power grab" in the history of elections in the United States. ECF No. 1, at 4. He alleges a conspiracy between Microsoft and the Department of Homeland Security to consolidate "the power to regulate and certify all Federal Election Results." *Id.* Because he reached out to Defendants Davis and Ross and informed them of "these election crimes," and because Defendants took no action to report or investigate such alleged crimes, "they are guilty of Covering Up these Election Crimes, Dereliction of Duty, and Violating the Whistleblower's Protection Act." *Id.* Mr. Carrington also states without explanation that Defendants are "aiding the Malicious Prosecution that has kept [him] in prison for 5 years." *Id.* He demands "$100 Billion from each defendant," along with "criminal prosecution for their crimes. ECF No. 1, at 8. Other courts in this district has already dismissed similar claims brought by Mr. Carrington as frivolous. *See* Memorandum and Opinion at 1, *Carrington v. Johnson*, No. 25-CV-2924, ECF No. 3 (D.D.C. Dec. 2, 2025) (dismissing as frivolous Mr. Carrington's claims that Congress failed to investigate certain virtual reality headsets); Memorandum and Opinion at 2, *Carrington v. Johnson*, No. 25-CV-2926 (D.D.C. Dec. 2, 2025), ECF No. 4 (dismissing as frivolous Mr. Carrington's allegations that Congressional representatives sought to cover up the same "election power grab," and that he was unfairly arrested as a result).

The court concludes that Mr. Carrington's claims lack an arguable basis in law or fact because his core assertions are wholly irrational. *See Neitzke*, 490 U.S. at 325. The court will accordingly grant his motion to proceed *in forma pauperis*, ECF No. 2, and dismiss his complaint, ECF No. 1, and the case without prejudice. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 24, 2026